Matthias, J.,
concurring. I concur in the judgment awarding a writ of prohibition in this case, but not in the reasons assigned therefor by the majority. I cannot concur in the conclusion that the secretary of state is a mere automaton, and *462 must accept and transmit as a valid referendum petition every paper so .designated which, is filed in his office, and immediately put into motion the election machinery of the state, no matter what the form of the petition, or how deficient it may be, or lacking in the requirements designated and prescribed by the Constitution, even though the legislative act in question be subject to the referendum.
I concur in the judgment in this case for the same reason that I dissent from the judgment in the case of State, ex rel. Keller, v. Forney et al., post, 463, 140 N. E., 2, this day decided. My position is that in this instance no action whatever should be taken by the secretary of state, for the reason that the Taft Act as a whole is not subject to the referendum. The portions thereof “providing for tax levies” are specifically exempted from the referendum by the clear and concise language of the Constitution. Without question the first 17 sections of that act do provide for a tax levy. Section Id, Article II of the Constitution, provides that “laws providing for tax levies * * * shall go into immediate effect,” and the same section later provides that “the laws mentioned in this section shall not be subject to the referendum.” Provision has been made by Section lc, Article II, of the Constitution, for the “submission to the electors of the state for their approval or rejection, of any law, section of any law or any item in any law appropriating money passed by the General Assembly.” The portions of the Taft Act other than those portions which provide for tax levies .were thus made subject to the referendum upon the presentation of a sufficient petition, duly verified as *463 required by the Constitution, but admittedly the petition presented sought the submission to referendum also of the sections above referred to “providing for tax levies,” which the Constitution itself directs shall go into immediate effect and not be subject to the referendum.
Robinson, J., joins in the concurring opinion.